him,how would the case stand.   The survey was made on a ticket previous to the plaintiff's warrant, which does not appear to have been accepted in the proper offices, whether he paid money on his warrant or not, of which there is no evidence.   If he did not, with due diligence follow up his warrant, lay by thirty-seven years before hebrought his ejectment(which is near fifteen years ago) took no possession, nor did any act of ownership, but silently permitted others to improve the soil by their labours, he cannot now expect to succeed on any principle of law or equity.

In the course of the trial, the defendant's counsel offered in testimony the certificate of the surveyor general and receiver general, as to the ancient practice of the land office in issuing vacating warrants ; which was excepted to, being *ex parte* and not on oath.    And 1 Black. Rep. 29, was cited for the defendant, that the certificate of the secretary of war, though opposed, was allowed as evidence of the station of a serjeant in the army.

The court ovverruled the evidence, and observed, that the case cited was on a *habeas corpus*, for the opinion of the court, whether a serjeant was not equally privileged from arrests under the mutiny act, as a private soldier ; it did not respect evidence offered to a jury.

Verdict for the defendant.

Messrs. Duncan and C. Smith, *pro quer.*
Messrs. Hamilton and Bowie, *pro def.*

———————⋆◇⋆⋆———————

Lessee of ROBERT DUNNING, WILLIAM DUNNING, JOHN DUNNING, EZEKIEL DUNNING, and MARK DUNNING *against* MARTIN WASHMUDT.

Order of the board of property may be read in evidence respecting the survey under which one of the parties claims, though the caveat was filed by a third person.

Ejectment for 23 acres and 128 perches of land in West Pennobro' township.

The lessors of the plaintiff claimed as children of John Dunning, under two warrants dated 1743, and a survey thereon of 219 acres and 145 perches, made by John Armstrong, deputy surveyor, on the 19th June 1764, returning 173 acres and 132 perches part thereof, as claimed by Thomas Calhoon, in right of a grant to his father John Calhoon.

The defendant held under an application of Oliver Kilgore, dated 3d March 1767, a survey thereon by Samuel Lyon, deputy surveyor, made 4th September 1788, and a patent to Gabriel Glen, dated 13th November 1788, which took in the lands in question.

The defendant offered in evidence the decision of the board of property, made 24th November 1766, on a caveat filed against the plaintiff's survey, by the aforesaid Thomas Calhoon, in behalf of the devisees of the said John Calhoon, in the lifetime of the aforesaid John Dunning, wherein the survey of Armstrong was rejected.

This was objected to, because it did not relate to the lands now in controversy, and was between other parties. A record in such a case would be no evidence. It is no argument to say that it is regularly certified under seal ; it must be pertinent to the point in issue.

But the court directed it to be read ; *valeat quantum valer potest.* It is the act of the proper office respecting the survey under which the lessors of the plaintiff claim ; but the effect of it must certainly be confined to the devisees of John Calhoon and those claiming under him.

Verdict for the plaintiff.

Messrs. Duncan and Watt, *pro quer.*
Messrs. Hamilton and M'Gihen, *pro def.*

---

## AT NISIS PRIUS, AT LEWISTOWN, MAY ASSIZES, 1796.

### CORAM, SHIPPEN AND YEATES, JUSTICES.

---

LESSEE of WILLIAM WILSON *against* ENOCH M'VEAGH.

Recital in a sheriff's deed no evidence of his authority to sell lands, unless the judgment is produced, and also the executions since the 26th March 1785.

Ejectment for 71 acres and 115 perches of land in Wayne township.

The plaintiff claimed the lands in question under two several sheriff's sales, but did not produce in evidence any extract of the judgments and executions on which the sales were had.